```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      HUNTINGTON
```

**UNITED STATES OF AMERICA**

      **Respondent,**

v.                                               CRIMINAL NO: 3:18-cr-00070-1
                                                     CIVIL NO: 3:20-cv-109

**WILLIE VERDELL PETERSON**
      also known as "Chill"

      **Movant.**

**UNITED STATES RESPONSE TO WILLIE VERDELL PETERSON'S
MOTION PURSUANT TO 28 U.S.C. § 2255**

The United States of America, by Stephanie S. Taylor, Assistant United States Attorney for the Southern District of West Virginia, respectfully requests that this Court deny Willie Verdell Peterson's ("defendant's") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion" or "§ 2255 Motion"). Based upon the record and pertinent case law, the Motion has no merit because defendant received the assistance of an effective and capable lawyer during all relevant stages. His Motion should therefore be denied.

**I.    PROCEDURAL HISTORY**

    **A.    The Plea and Sentencing**

Defendant was charged in a single-count indictment with conspiracy to distribute 100 grams or more of heroin and fentanyl returned on April 3, 2018. The indictment charged Defendant, and

fourteen additional co-defendants, with conspiracy to distribute heroin and fentanyl in violation of 21 U.S.C. § 846. Defendant and his brother, co-defendant Manget Brown Peterson, were specifically charged with conspiracy to distribute 100 grams or more of heroin. That count carried a statutory maximum sentence of imprisonment of 40 years.

On August 28, 2018, Defendant entered a plea of guilty to the indictment pursuant to a written plea agreement. During the plea hearing, defense counsel summarized on the record the terms of the plea agreement. The Court carefully inquired of Defendant if he understood the plea agreement, the maximum sentence to which he was exposed under the agreement, and the various constitutional, trial, and appellate rights waived by his plea of guilty and the terms of the agreement. The Court determined that Defendant entered his plea freely and voluntarily, and that it was supported by an independent factual basis.

On February 6, 2019, the district court held a sentencing hearing. The Court found that Defendant's total offense level was **27, with a Criminal History Category III.** After fully considering the advisory guidelines and the sentencing factors enumerated in 18 U.S.C. § 3553(a), the court sentenced Defendant to the custody

of the Bureau of Prisons for a 97-month term of imprisonment – well below the statutory maximum of 40 years.

### B. Post-Conviction Procedural Posture

Defendant did not appeal his sentence to the Fourth Circuit Court of Appeals. On February 6, 2020, Defendant filed the instant § 2255 motion, alleging ineffective assistance of his counsel, R. Lee Booten II ("Mr. Booten"). This Court ordered Mr. Booten to file an affidavit responding to defendant's specific claims of ineffective assistance of counsel. This Court further directed the United States to answer the instant motion. Mr. Booten filed an Affidavit. ECF 701.

## II. STANDARD OF REVIEW UNDER 28 U.S.C. § 2255

A 28 U.S.C. § 2255 motion is a collateral attack on a conviction and sentence imposed in a separate proceeding. *Wall v. Kholi*, 562 U.S. 545, 551-52 (2011). To succeed, a defendant must prove that his conviction or sentence was imposed in violation of the laws or Constitution of the United States . . . or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255.

The United States Supreme Court clearly set forth the benchmark standard for addressing ineffective assistance of counsel claims in *Strickland v. Washington*, 466 U.S. 668 (1984). To sustain a claim of ineffective assistance of counsel, a

defendant must satisfy the two-pronged *Strickland* test. If a defendant has not satisfied the first prong of the *Strickland* test, the court need not inquire whether he or she has satisfied the second prong. *Strickland*, 466 U.S. at 697. *Accord United States v. Galloway*, 749 F.3d 238 (4th Cir. 2014); *United States v. Terry*, 366 F.3d 312, 314 (4th Cir. 2004).

The first prong of *Strickland* relates to counsel's performance and whether it was professionally competent. It requires a defendant to show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. Scrutiny of attorney conduct is highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland* at 689; *Matthews v. Evatt*, 105 F.3d 907, 919 (4th Cir. 1997). The defendant bears the burden of rebutting this presumption. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

If a defendant has not satisfied the first prong of the *Strickland* test, the court does not need to inquire whether he or she has satisfied the second prong. *Strickland,* 466 U.S. at 697. Under the second prong, a defendant must show that counsel's deficient representation was prejudicial. *Id.* at 692. To establish

4

prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id.* This requires a defendant to produce something more than conclusory statements. See *United States v. Tipton*, 90 F.3d 861, 876 (4th Cir. 1996).

In sum, judicial inquiry is highly deferential, focusing on whether defense counsel's representation "amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (internal quotations omitted).

### III. ANALYSIS

Here, it is clear Mr. Booten provided effective representation to defendant at all pertinent stages – during plea negotiations, the presentence investigation, and at sentencing. Defendant's motion is simply based upon his dissatisfaction with his sentence rather than any meritorious ground.

The record clearly reflects effective representation where Mr. Booten spent significant time preparing and, in fact, filed various pre-trial motions, including a motion to suppress, and a sentencing memorandum requesting a downward variance for being a

minimal participant in the conspiracy. The Court should therefore deny his motion.

Defendant asserts various claims regarding his plea agreement and negotiations, namely, that Mr. Booten did not file a motion to suppress, that Mr. Booten told defendant to stipulate to relevant conduct, that Mr. Booten failed to object to the two-level possession of a firearm enhancement, and that Mr. Booten did not file an appeal.

### A. Defendant fails to show ineffective assistance when the Court applied the correct guideline range/offense level.

Defendant's claims do not establish deficient performance, and even, arguendo, if the claims did, defendant cannot show prejudice. As to defendant's argument that Mr. Booten did not file a motion to suppress in his case, Mr. Booten stated in his Affidavit, "[c]ounsel did in fact file a motion to suppress search warrants contrary to petitioner's statement set forth in Ground One, as found in Document 324 in petitioner's criminal action filed on July 27, 2018." Affidavit at 1.

Mr. Booten filed six pre-trial motions. ECF 324, 329, 330, 363, 365, and 366. The motion to suppress search warrants was never argued before the Court because the defendant signed a plea agreement on August 11, 2018. ECF 444. Defendant pled guilty to the Indictment on August 28, 2018. ECF 443. Based on defendant's

6

guilty plea, the Court denied the motion to suppress as being moot. ECF 445. By pleading guilty freely and voluntarily, Defendant waived his right to present the motion to suppress.

Defendant claims Mr. Booten was ineffective because he advised him to stipulate to 195 grams of fentanyl as relevant conduct that was seized from co-defendant Miller and promised him if he did he would get a departure for being a minimal participant. Mr. Booten states that "[c]ounsel never promised that petitioner would receive a departure for being a minimal participant in the alleged conspiracy, however, counsel did argue for a downward variance for being a minor or minimal participant." Affidavit at 2.

Defendant's total drug weight for calculating relevant conduct was agreed to as part of the plea agreement. Defendant agreed to a detailed Stipulation of Facts which laid out the relevant conduct attributable to him, which included the 195 grams of fentanyl, as evidenced by his signature on August 11, 2018. ECF 444. In his sentencing memorandum and at the sentencing hearing, Mr. Booten argued for a downward variance based on defendant being a minimal participant. The Court denied the motion for a downward variance. ECF 602. Defendant agreed to the total drug weight attributable to him when he signed the plea agreement.

7

Defendant next states Mr. Booten should have objected to the possession of a firearm enhancement applied pursuant to U.S.S.G. §2D1.1 (b)(1). However, as Mr. Booten notes in his Affidavit, prior to sentencing, the defendant agreed to the two-level firearm enhancement in exchange for the Government's agreement to not argue for the four-level aggravating role enhancement. Mr. Booten states "[y]our petitioner is fully aware of that agreement and it greatly benefited him in removing the possibility of a 4 Level aggravated role enhancement. Petitioner voiced no objections to counsel's handling of his sentencing hearing as shown in the transcript of this matter." Affidavit at 2.

Defendant also argues Mr. Booten was ineffective because he did not file an appeal. Mr. Booten filed a "Motion to Release Selected Portions of co-defendant Magnet Peterson's Presentence Report" on February 13, 2019. ECF 613. The Court denied the motion in an Order dated February 14, 2019. ECF 615. In his Affidavit, Mr. Booten explained that the Order "fully addressed counsel's concerns of the possibility of moving to correct petitioner's sentence." Affidavit at 3. Mr. Booten stated in his Affidavit that he was "not aware of any appealable grounds, and so advised petitioner of his opinion. Counsel received no

8

instructions from the petitioner to file a notice of appeal upon any grounds in this matter." Affidavit at 3.

Here, the defendant was aware the maximum potential penalty to which he was exposed by virtue of the guilty plea was 40 years. Defendant's sentence was well within the guideline range. Therefore, even if Mr. Booten's representation was, arguendo, deficient, defendant's arguments do not establish actual prejudice. Without prejudice, defendant does not meet his burden, and his claim of ineffective assistance must fail.

**B.  Defendant fails to show ineffective assistance where he willfully entered a guilty plea.**

In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to "require a showing that 'there is a reasonable probability that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Cummings*, 2013 WL 3199677, *2 (E.D. Va. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The court must not merely rely on the claims of the defendant in its analysis, but must make "an objective inquiry" examining "all the facts and circumstances surrounding a defendant's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty." *Cummings*, 2013 WL 3199677 at *9-*10.

In addition, "'[a] defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity,' because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted); *see also United States v. Morgan*, 284 Fed. Appx. 79, 87 (4th Cir. 2008). "Thus, in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the defendant's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Lemaster*, 403 F.3d at 221. Without "extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.'" *Id.*; *Tribby v. United States*, 2013 WL 12096654, *5 (E.D. Va. 2013).

At sentencing, the Court gave defendant the opportunity to speak on his own behalf. Defendant had the opportunity to object to drug amounts attributed to him, enhancements, or his alleged dissatisfaction with defense counsel. He did not avail himself of

this opportunity and now wishes to hold defense counsel responsible for allegations that the record simply does not support.

**IV.　<u>CONCLUSION</u>**

Inasmuch as defendant's motion presents no basis to disturb his sentence through a petition for collateral review and fails to satisfy the requirements of the statute, his motion should be summarily dismissed.

> Respectfully submitted,
>
> MICHAEL B. STUART
> United States Attorney
>
> By:
> <u>/s/Stephanie S. Taylor</u>
> STEPHANIE S. TAYLOR
> Assistant United States Attorney
> WV State Bar No. 9424
> 845 Fifth Avenue
> Room 209
> Huntington, WV 25701
> Telephone:  304-529-5799
> Fax:  304-529-5545
> E-mail: Stephanie.taylor2@usdoj.gov

11

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "UNITED STATES RESPONSE TO WILLIE VERDELL PETERSON'S MOTION PURSUANT TO 28 U.S.C. § 2255" has been electronically filed and service has been made by virtue of such electronic filing and by virtue of the United States Mail on this 20th day of April, 2020, to:

>Willie Verdell Peterson, Pro Se
>FCI Milan
>P.O. Box 1000
>Milan, MI  48160

By:
>/s/Stephanie S. Taylor
>STEPHANIE S. TAYLOR
>Assistant United States Attorney
>WV State Bar No. 9424
>845 Fifth Avenue
>Room 209
>Huntington, WV 25701
>Telephone:  304-529-5799
>Fax:  304-529-5545
>E-mail: Stephanie.taylor2@usdoj.gov